**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4842

MICHAEL RAY SMITH, a/k/a Black
Mike, a/k/a Red,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
Samuel G. Wilson, Chief District Judge.
(CR-97-30006)

Submitted: May 19, 1998

Decided: June 19, 1998

Before ERVIN and WILKINS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John S. Hart, Jr., Harrisonburg, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Ray B. Fitzgerald, Jr., Assistant
United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Ray Smith appeals his sentence for conspiracy to distribute crack cocaine and carrying a firearm in relation to a drug trafficking offense in violation of 21 U.S.C. § 846 (1994), and 18 U.S.C.A. § 924(c) (West 1994 & Supp. 1998). Smith argues that the district court erred in enhancing his offense level by four points under U.S. Sentencing Commission, Guidelines Manual§ 3B1.1(a) (1995), for his leadership role in the offense. We review this claim for clear error. See United States v. Hyppolite, 65 F.3d 1151, 1159 (4th Cir. 1995). Finding none, we affirm.

Section 3B1.1(a) provides for a four-point enhancement if the defendant is an organizer or leader of criminal activity that involved five or more participants. Smith does not dispute that the organization involved five or more participants, and we find sufficient evidence supporting the court's conclusion that he played a leadership role in the offense.

First, Smith recruited individuals into the organization. Second, one of these individuals stated that he served as Smith's "enforcer," suggesting that Smith exercised some degree of control over his fellow conspirators. Third, Smith was instrumental in an arranged attack on one of his co-conspirators who owed him money. Finally, Smith received a larger share of the profits from the organization's dealings. Though Smith claims that he took a larger share because, in his opinion, the risk associated with his acquisition of the drugs entitled him to it, we note that his ability to make this profit sharing decision denotes a degree of control within the organization. Based on these facts, we find no clear error in the court's assessment of the four-point enhancement under § 3B1.1(a). Accordingly, we affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and

2

argument would not aid the decisional process.

AFFIRMED

3